

*advancing workplace rights, safety health, and accessibility in the legislative branch*

## Office of Compliance

September 19, 2018

***Via: Electronic Mail***
Ms. Megan K. Mechak, Esq.
Woodley & McGillivary LLP
1101 Vermont Avenue, NW, Suite 1000
Washington, DC 20005

**END OF MEDIATION NOTICE**
Re: Mr. Arren Dodson, Employee
and
United States Capitol Police, Employing Office
**Case No. 18-CP-49 (CV, RP)**

Dear Ms. Mechak:

    This is to notify you that the mediation period has ended in the above matter without a resolution of your client's claims. The counseling period began on **July 6, 2018** and ended on **August 6, 2018**. The mediation period began on **August 10, 2018** and ended on **September 14, 2018**.

    Your client's request for mediation was based upon allegation(s) that the employing office violated section(s) 201 and 207 of the Congressional Accountability Act ("CAA").

    If your client wishes to proceed further with this matter, your client must do so **not later than 90 days, but no sooner than 30 days**, after the end of the period of mediation noted above. During that 60-day time frame, your client may either: (1) file a **formal complaint** with the Office of Compliance in accordance with section 405 of the CAA; or (2) file a **civil action**, in accordance with section 408 of the CAA, in the United States District Court for the district in which your client is employed, or in the U.S. District Court for the District of Columbia. <u>Your client may assert only those claims that you made during counseling and mediation.</u>

    If your client chooses to file a formal complaint with the Office of Compliance it must be legibly written or typed on the enclosed *Complaint* form. The complaint must be signed by your client or your client's designated representative and contain the following information:

    (a)    the complainant's name, mailing address, and telephone number;

    (b)    the involved employing office's name, address, and telephone number;

-2-

(c)  the name(s) and title(s) of the individual(s) involved in the conduct that you claim violated the CAA;

(d)  a description of the conduct that you challenge, including the date(s) and location(s) of the conduct;

(e)  a brief description of why you believe the challenged conduct violated the CAA and your identification of each applicable section of the Act (i.e., Sec. 201 (Employment discrimination), Sec. 202 (Family and Medical Leave), Sect. 203 (Fair Labor Standards), Sec. 204 (Employee Polygraph Protection), Sec. 205 (Worker Adjustment and Retraining), Sec. 206 (Employment and Reemployment of Veterans), and Sec. 207 (Intimidation or Reprisal).

(f)  a statement of the relief or remedy sought;

(g)  the name, address, and telephone number of the representative, if any, who will act on your behalf.

If your client chooses to file a formal complaint with this Office, we will serve a copy of your complaint on the named employing office, or its designated representative. The Office's transmittal letter will notify the employing office that it must file an answer to the complaint with this Office within 15 days after service of the complaint. A copy of the service list containing the names and addresses of the parties and their designated representatives will also be forwarded to the employing office.

If you file a formal complaint with this Office, we will appoint an independent Hearing Officer to consider the complaint and render a decision. The Office of Compliance will issue a notice of hearing fixing the date, time, and place of the hearing. Absent a postponement granted by this Office, or other dispositive action by the Hearing Officer, the hearing will commence no later than 60 days after the filing of the complaint. Please note that while the complaint, filings, proceedings, and deliberation by a Hearing Officer are confidential, the final decision of a Hearing Officer must be published if it is in favor of the complaining employee. Attached is a Notification advising you of the confidentiality provisions of the CAA and the OOC's Procedural Rules and applicable sanctions.

Any party aggrieved by the decision of a Hearing Officer under section 1405(g) of the CAA may file a petition for review by the Board of Directors not later than 30 days after entry of the decision in the records of the Office. Please be advised that while the petition for review, briefs, and deliberation by the Board are confidential, the Board generally publishes its decisions.

If your client chooses to file a civil action in U.S. District Court, the Office will not process the case in court and it will be your client's responsibility to abide by all applicable Federal Rules and civil action procedures. Generally, complaints and other documents filed in District Court are public.

We have enclosed the *Participant Survey Form*, an instrument designed to provide the

-3-

Office of Compliance with important feedback on participants' experience in the mediation program. Please provide a copy of the survey to your client to complete and, if you have not already done so, please complete the enclosed survey and return it to the Office by facsimile at (202) 426-1913 or mail it to the Office of Compliance, Adams Building, Room LA 200, 110 Second Street, S.E., Washington, D.C. 20540-1999.

If you have any questions or concerns, please call me at 202-724-9250.

Sincerely,

Susan Tsui Grundmann
Executive Director

Enclosures:   Facsimile Notice
              Complaint Form
              Participant Survey Form
              Notification of Confidentiality Provisions Notice

cc:  Frederick Herrera (with Participant Survey Form)
     Arren Dodson (without enclosures)
     Keith Greenberg (without enclosures)